IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MATTHEW DERICK, | § | |
| | § | |
| Respondent Below, | § | No. 527, 2018 |
| Appellant, | § | |
| | § | Court Below: Family Court |
| v. | § | of the State of Delaware |
| | § | |
| DIVISION OF FAMILY SERVICES, | § | File No. 18-01-03TN |
| | § | Petition No. 18-01530 |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: May 8, 2019
Decided: May 9, 2019

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## O R D E R

(1) In this appeal, the respondent below and appellant, Matthew Derick, challenges the termination of his parental rights ("TPR") as to his son, M.D. Specifically, Derick argues that the Family Court erred in four ways: (1) by concluding that he had failed to plan adequately for his son's physical needs or mental and emotional health and development; (2) by concluding that the termination of his parental rights was in M.D.'s best interests; (3) by concluding that the Division of Family Services ("DFS") had made reasonable efforts to reunite the family; and (4) by terminating his telephonic participation in the first day of his TPR hearing because he was disruptive and did not listen to the trial judge's instructions, which Derick claims violated his due process rights.

(2) As to the first two issues, we find no merit in Derick's arguments and affirm on the basis of the Family Court's thorough and well-reasoned opinion.[1]

(3) As to the third issue, DFS made a case plan for Derick and gave him plenty of opportunity meet its requirements, yet he did not do so. That is not a failure on DFS's part; it is a failure on Derick's.[2] This leaves only Derick's arguments that DFS acted improperly because it did not submit an Interstate Compact on the Placement of Children request to the state where Derick was currently residing, Arkansas, and because it did not place M.D. with the child's paternal grandmother, whose petition for guardianship was denied by the Family Court. Neither argument provides a basis for reversal. First, the Interstate Compact issue was not fairly presented below.[3] Second, to the extent that Derick is trying to challenge the denial of the paternal grandmother's petition for guardianship, he lacks standing to do so,[4] and he may not make a back-door challenge to the denial of the grandmother's

---

[1] *DSCYF v. M.D.*, No. 18-01-03TN, slip op. (Del. Fam. Ct. Sept. 14, 2018).

[2] *Cf. Stewart v. Dep't of Servs. for Children, Youth, and Their Families*, 991 A.2d 750, 759 (Del. 2010) ("This is not a case where [DFS] failed to meet its own obligation to provide appropriate services, but a case where the parent failed to take advantage of the services offered.").

[3] Supr. Ct. R. 8. In raising this issue on appeal, Derick does not cite to any portion of the record that addresses the issue. Rather, he cites only to a portion of the Family Court order that concluded that DFS had made reasonable efforts to reunify M.D. with Derick. *Compare* Opening Br. at 45 (citing page 64 of the Family Court opinion), *with M.D.*, slip op. at 64 ("The Court is satisfied by clear and convincing evidence that DFS made reasonable efforts to reunify [Derick] with [M.D.].").

[4] *See Lane v. Div. Fam. Servs.*, 89 A.3d 477, 2014 WL 1272264, at *1 (Del. Mar. 27, 2014) (TABLE) ("[W]here the petitioner has not appealed from the Family Court's adverse order, the parents lack standing to prosecute an appeal from the Family Court's order denying [the petitioner's] guardianship petition." (internal quotation marks omitted)).

2

guardianship petition by arguing that DFS failed to make reasonable efforts to reunify the family in choosing not to place the child with her.

(4) As to the fourth issue, we find no merit to this argument because Derick acted in a disruptive manner during the hearing and repeatedly disregarded the trial judge's instructions, Derick's counsel was present in person for the entire hearing, and the Family Court granted him a second hearing so that he could participate and provide testimony, which gave him ample opportunity to review the record of the first hearing date and address any relevant issues.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is hereby AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice